No. 24,491.

F. H. HARPER, doing business as HARPER BROTHERS, *Appellant*, v. JAMES G. DAVIS, as Director General, *Appellee*.

SYLLABUS BY THE COURT.

RAILROADS—*Delay in Transportation of Live Stock Forbidden by Statute— Negligence—Findings—Verdict.* The action was one to recover damages occasioned by delay in transporting live stock, forbidden by the statute requiring transportation of live stock without delay and at not less than a prescribed rate of speed. (Gen. Stat. 1915, § 8523.) In addition to appropriate allegations of delay, the plaintiff charged negligence in operating the train in which the car of stock was transported. Delay of three days in delivery of the stock was proved. The jury found specially the negligence of the carrier consisted in billing the car to the wrong destination. *Held*, the findings did not defeat the general verdict for the plaintiff.

Appeal from Douglas district court; HUGH MEANS, judge. Opinion filed May 12, 1923. Reversed.

*C. C. Stewart,* of Lawrence, for the appellant.

*William R. Smith, Owen J. Wood, Alfred A. Scott,* all of Topeka, and *R. F. Rice,* of Lawrence, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover damages occasioned by delay in transporting live stock. The general verdict was in favor of the plaintiff, but judgment was rendered in favor of the defendant, on special findings. returned with the general verdict. The plaintiff appeals.

The plaintiff shipped a carload of mules from Nortonville to Lawrence. At the same time he shipped a carload of mules to Atlanta, Ga. The agent at Nortonville, by mistake, billed the Atlanta mules to Lawrence, and the Lawrence mules to Atlanta. When the train in which the cars were placed reached Lawrence, the wrong car was set out, the Lawrence mules were carried by, and instead of being delivered to the plaintiff on the morning of October 5, he did not receive them until October 8.

The petition stated that if the car had been handled according to the statute of this state governing speed in the transportation of live stock, it would have arrived in Lawrence on October 5. The petition continued as follows:

"That by reason of the carelessness and negligence of said United States in the operation of its said trains and transportation of said car of mules, and by reason of the failure of said United States to obey the laws of the state of Kansas relative to the transportation of live stock, said carload of mules did not arrive at Lawrence, Kansas, until October 8, 1919, three days after it should have arrived."

The court, after reading the statute on which the action was predicated, instructed the jury that the plaintiff was required to prove "that the defendant was negligent in the handling of this shipment; that it did not get here at the time that it should." The court further instructed the jury that the wrong billing would constitute negligence, and said:

"So the question of fact to be submitted to you is whether or not these cars were correctly billed from Nortonville, and if they were not, whether or not that mistake in billing was occasioned by the negligence of the agent of the defendant at Nortonville, and then whether or not the car arrived in Lawrence within a reasonable time after its shipment, having regard for the law which I read to you."

The jury returned the following special findings:

"14. If you find the defendant to have been negligent, then state

"(*a*)  What constituted such negligence?   A.  Billing of car.

"(*b*)  What employee or employees of defendant were negligent?   A.  Agent at Nortonville."

The statute provides that a common carrier shall transport live stock received for transportation without delay, and at a rate of speed not less than an average of fifteen miles per hour, unless prevented by unavoidable accident.  Time consumed in loading, and in watering and feeding, as required by law or order of the shipper, is not considered time of transportation.   (Gen. Stat. 1915, § 8523.)

In an action based on the statute, a shipper makes a case when he proves delay beyond the maximum permissible in transportation. He is not required to account for the delay, and the carrier can excuse it in but one way—statutory deductions having been made— and that is by showing unavoidable accident.  Time cards may schedule trains at less than fifteen miles per hour.  If a carrier should choose to place cars of stock in such a train, negligence would have no place in an action for delay in transporting the stock. In cases of delay through negligence of the carrier, the shipper is not concerned with the character of the negligence, or with who was negligent.  It is sufficient for him that there was actionable delay.

The court distinctly required the jury to find delay; there was no dispute about the fact; the defendant explained how the delay occurred; it would have been idle to ask the jury to make a special finding of delay, and the finding is necessarily included in the general verdict.  The special findings correctly locating the cause of the delay in negligence of the agent at Nortonville in billing the car, are perfectly consistent with the general verdict, and the court erred in setting it aside because of the special findings.

The defendant says the plaintiff pleaded negligence in operating the train in which the car was placed, while the jury found negligence in billing the car.  The gist of the action was delay.  It is doubtful if assigning a wrong cause of delay would preclude recovery; but in this instance, besides pleading negligence in operating the train, the plaintiff charged that, because of failure to obey the statute, his car did not arrive in Lawrence until October 8, three days after it should have arrived.

The defendant says the car arrived in Lawrence on time.  The action was for delay in transportation.  Transportation did not end until delivery of the shipment.  The car was not stopped in Lawrence, and its transportation did not end until it was brought back.

The judgment of the district court is reversed, and the cause is remanded with direction to enter judgment on the general verdict.